UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLISON LENDING LLC,

                 Plaintiff,

-against-

ZA HOMES, INC. and ABRAHAM ZAGAI,

                 Defendant.

**MEMORANDUM AND ORDER**

Case No. 25-CV-6689 (FB) (LGD)

*Appearances:*
*For the Plaintiffs:*
ALYSSA L. KAPNER
ALAN H. WEINREB
Margolin, Weinreb & Nierer, LLP
575 Underhill Boulevard
Suite 224
Syosset, NY 11791

**BLOCK, Senior District Judge:**

Plaintiff Allison Lending LLC ("Allison" or "Plaintiff") initiated this lawsuit following Defendants' default on two Notes and Mortgages that Alison had taken ownership of through a series of allonges and assignments. *See* ECF No. 1. As of January 27, 2026, Defendants owe $261,141.57 on the First Mortgage Loan and $122,855.14 on the Second Mortgage Loan. *See* ECF No. 11-6 ("Ramer Aff.") ¶¶ 9, 14. When Defendants failed to respond to this action, the Clerk of Court entered default against them on January 16, 2026. *See* ECF No. 9. Plaintiff then filed a motion for Default Judgement of Foreclosure and Sale. *See* ECF No. 11. On May 5, 2026, Magistrate Judge Dunst issued a Report & Recommendation ("R&R") recommending the Court grant Plaintiffs' motion be granted and that a referee be appointed to conduct the sale of the Subject Property. *See* ECF No. 17. Defendants were given 14 days to file objections, i.e., until

May 19, 2026, and warned that "[f]ailure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." *Id.*

No objections have been filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)).  The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the R&R's face. Thus, the Court adopts it without *de novo* review.  The Court directs the Clerk to enter judgement for Plaintiff as described in the R&R, including the requested damages and the appointment of Kevin Snove, Esq., as referee to effectuate the sale of the Subject Property and to disperse the funds from the sale.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 12, 2026

2